UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND,

        Plaintiff,

vs.

        CASE NO. 04-CV-72643-DT
        HON. LAWRENCE P. ZATKOFF

A-MAC SALES & BUILDERS COMPANY,
ANDREW G. McLEMORE and DOROTHY
McLEMORE,

        Defendants,

and

A-MAC SALES & BUILDERS COMPANY

        Third-Party Plaintiff,

vs.

THE CITY OF DETROIT HOUSING
COMMISSION,

        Third-Party Defendant.
_____/

## OPINION AND ORDER

      This matter is before the Court on Plaintiff's Motion to Amend the Complaint (Docket # 16). Defendants A-MAC Sales and Builders Company ("A-MAC") and Andrew G. McLemore have filed a response and the reply period has expired. The facts and legal arguments are adequately set forth in the briefs submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e), this Court ORDERS that Plaintiff's Motion to Amend Complaint be decided upon the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Plaintiff's Motion to Amend the Complaint is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

A-MAC entered into a contract with the City of Detroit Housing Commission ("DHC") for the renovation and construction of the Jeffries West Apartments Building 502-Modernization Reconfiguration (the "Project"). Plaintiff provided the payment and performance bonds for A-MAC on the Project. As part of the issuance of the bonds, Andrew and Dorothy McLemore, the principals of A-MAC, guaranteed the bonds in their individual capacities. The bonds were issued on September 22, 1995. At the time the bonds were issued, both Andrew and Dorothy McLemore had established individual trusts, however, no indemnity agreement or other guarantee of the bonds was executed by either of those trusts. At some point, completion of the Project appeared to be in jeopardy, and Plaintiff took over and completed the Project.

On July 16, 2004, Plaintiff filed the instant action seeking to recover approximately $880,000 from A-MAC and the McLemores. A-MAC and Andrew McLemore filed answers but no answer was filed by Dorothy McLemore, as she was then deceased. On December 14, 2004, the Court held a scheduling conference, at which conference Plaintiff indicated that it needed to add the DHC as a party and that it would substitute the estate of Dorothy McLemore as a party for Dorothy McLemore. The Court therefore adjourned the scheduling conference for 60 days and directed the counsel for all parties present that any new parties must be added and present at the next scheduling conference. On February 21, 2005, the day before the date for the second scheduling conference, Plaintiff's counsel sent a Stipulated Order to Amend the Complaint to counsel for A-MAC and Andrew McLemore, pursuant to which Plaintiff desired to add the estate and/or trust of Dorothy McLemore as a party. That Stipulation was not agreed to by Defendants' counsel.

On February 22, 2005, the Court held the second scheduling conference. Plaintiff had not yet amended its Complaint other than to add DHC as a party. On April 4, 2005, Plaintiff filed the instant motion seeking to substitute Andrew McLemore, as trustee of Dorothy McLemore's trust and/or as personal representative of Dorothy McLemore's estate, in place of Dorothy McLemore.

## II. OPINION

Fed. R. Civ. P. 15(a) allows that leave to amend a pleading "shall be freely given when justice so requires." As Defendants note, however, a "party requesting leave to amend must act with due diligence if it wants to take advantage of the Rule's liberality." *Parry v. Mohawk Motors of MI, Inc.*, 236 F.3d 299, 307 (6th Cir. 2001)(citations omitted). Despite the Court's directive at the December 14, 2004, scheduling conference to make all necessary amendments to the pleadings by the scheduling conference set for February 22, 2005, Plaintiff failed to do so. Plaintiff then took more than 50 days to file the instant motion. Plaintiff has not set forth good reason for this inaction. The Court therefore finds that this is not a case of the Plaintiff needing to ascertain the facts or the appropriate parties in order to properly amend the Complaint, but rather constitutes an inexplicable delay that demonstrates an absence of due diligence. With that perspective, the Court now evaluates whether justice requires that leave to amend the Complaint be granted in the manner Plaintiff desires.

### A. *Dorothy McLemore's Trust*

The focus of the parties has been whether Dorothy McLemore's trust can be added as a party. The Court finds that the failure of the Plaintiff to take diligent measures to add her trust as a party prior to the February 22, 2005 scheduling conference (and/or move for such amendment immediately after such conference) in itself justifies the denial of now adding her trust as a party. In addition, Plaintiff has failed to set forth any indicia that Dorothy McLemore's trust is an appropriate party in this action. The indemnity agreement and guarantee were between Plaintiff and A-MAC and Andrew and Dorothy McLemore, not their trusts (which are separate legal entities). The Court therefore finds that allowing Plaintiff to add Dorothy McLemore's trust as a party would result in delay of the proceedings and require the trust to file a motion to dismiss, thereby needlessly delaying the proceedings and increasing the costs of the litigation for all parties involved. In other words, adding her trust as a party would be futile and prejudicial to the Defendants.

For the reasons set forth above, the Court DENIES Plaintiff's motion with respect to adding

the trust of Dorothy McLemore as a party.

### *B. Estate of Dorothy McLemore*

The Court notes that Dorothy McLemore was named as a party from the outset of this litigation. While Dorothy McLemore apparently died prior to the commencement of this litigation, it can be fairly said that her estate has had notice of this case since it was initiated. As such, her estate cannot be surprised or prejudiced by the continuation of this action against the estate. The Court also notes Defendants do not contest that Dorothy McLemore's estate is an appropriate party.

Accordingly, the Court finds that Dorothy McLemore, or more accurately, the estate of Dorothy McLemore, is an appropriate party to this litigation and GRANTS Plaintiff's motion insofar as it seeks to add the estate of Dorothy McLemore as a party to this action, subject to the following conditions: (1) Plaintiff shall amend its Complaint to accurately add the estate of Dorothy McLemore within seven business days of the date of this Opinion and Order, and (2) Plaintiff shall serve a copy of such Complaint on the personal representative of her estate within 14 business days of the date of this Opinion and Order. The failure of Plaintiff to satisfy the requirements set forth in parts (1) and (2) of the immediately preceding sentence shall result in the dismissal of this action against Dorothy McLemore and/or her estate.

### III.  CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion to Amend is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated:  May 24, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 24, 2005.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290