UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIDELITY AND DEPOSIT COMPANY OF,
MARYLAND, in its own right and as subrogee
and assignee of various obliges and claimants,

                 Case No. 04-72643
 Plaintiff,           Honorable Lawrence P. Zatkoff

vs.

A-MAC SALES & BUILDERS COMPANY, a
Michigan corporation, ANDREW G. McLEMORE,
individually, and ANDREW G. McLEMORE, as
Personal Representative of the ESTATE OF
DOROTHY McLEMORE,

 Defendants,

and

A-MAC SALES & BUILDERS COMPANY, a
Michigan corporation,

 Third-Party Plaintiff,

vs.

THE CITY OF DETROIT HOUSING
COMMISSION, a Municipal corporation,

 Third-Party Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on December 14, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
       UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Petition for Attorney Fees and Request for Entry of Judgment ("Petition") (Docket #57).

## II. BACKGROUND

On June 5, 2006, the Court issued an Opinion and Order granting Plaintiff's Motion for Summary Judgment. The facts of this case are set forth in great detail therein and, to avoid redundancy, are incorporated herein. As set forth in the Opinion and Order, the Court held that:

- A. The Defendants are liable to Plaintiff for all amounts paid by Plaintiff to subcontractors and suppliers pursuant to the Payment Bond,[1] to wit $610,947.78, and
- B. The Defendants are liable to Plaintiff for the losses incurred by Plaintiff to complete the Project pursuant to the Performance Bonds, to wit $180,713.00.

In addition, the Court ordered Plaintiff to submit a documented claim for the attorney fees to which Plaintiff believes it is entitled under the Indemnity Agreement. Plaintiff has done so through its Petition, and the Court has not received any responses or objections from any other party to this action (including the Third-Party action involving DHC).

## III. ANALYSIS

The second paragraph of the Indemnity Agreement provides:

---

[1] All undefined capitalized terms herein shall have the meaning ascribed to them in the June 5, 2006 Opinion and Order.

2

> SECOND: The Contractor and Indemnitors shall exonerate, indemnify and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature **(including, but not limited to, interests, court costs, and counsel fees)** and from and against any and all such losses and/or expenses which the surety may sustain and incur: (1) by reason of having executed or procured the execution of the Bonds, (2) by reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement, or (3) in enforcing any of the covenants and conditions of this Agreement. …

As the Court stated in the Opinion and Order, the Indemnity Agreement clearly and unambiguously provides that Plaintiff is entitled to reimbursement from the Indemnitors (i.e., Defendants) for any amount paid by reason of executing the Bonds and enforcing the Indemnity Agreement. As the highlighted language above reveals, such amounts include court costs and "counsel fees."

Plaintiff has filed a voluminous Petition. The Petition includes exhibits which document, in incremental detail, all of the fees and costs incurred by the attorneys and consultants hired by Plaintiff to enforce the Indemnity Agreement. Plaintiff seeks attorney fees and expenses in the amount of $76,659.08 and consultant fees and expenses in the amount of $115,294.76.

The Court has undertaken a thorough review of the Petition and exhibits in support thereof. The Court finds that the amounts claimed in the Petition are reasonable. In this case, Plaintiff has been forced to consult with, and utilize the services of, its attorneys (Kerr, Russell and Weber, PLC) and construction and accounting consulting professionals (Forcorn International Michigan Limited) on a fairly continuous basis between July 2000 and January 2006. More significantly, the services rendered were necessary services in light of the actions of the Defendants in failing to perform under the Indemnity Agreement and related documents.

Accordingly, for the reasons set forth above and in the Plaintiff's Petition, the Court hereby

GRANTS Plaintiff's Petition in the amount of $76,659.08 for attorney fees and expenses and the amount of $115,294.76 for consultant fees and expenses.

Plaintiff also asks that the Court award Plaintiff pre-judgment interest pursuant to, and at the rate provided by, M.C.L.A. §600.6013 and post-judgment interest at the rate provided by 28 U.S.C. §1961. The Court finds that Plaintiff's request is appropriate and required in this federal diversity matter. Therefore, the Court ORDERS that Plaintiff is also awarded pre-judgment interest pursuant to, and at the rate provided by, M.C.L.A. §600.6013 and post-judgment interest at the rate provided by 28 U.S.C. §1961.

### IV.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby GRANTS Plaintiff's Petition for Attorney Fees and Request for Entry of Judgment. In addition to the $610,947.78 awarded to Plaintiff pursuant to the Payment Bond and the $180,713.00 awarded to the Plaintiff pursuant to the Performance Bond, as set forth in the Opinion and Order, the Court also holds that Plaintiff is entitled to:

1.  Attorney fees and expenses in the amount of $76,659.08;

2.  Consultant fees and expenses in the amount of $115,294.76;

3.  Pre-judgment interest from July 16, 2004, up to and including the day prior to the date of this Opinion and Order, at the rate provided by, M.C.L.A. §600.6013 on $945,888.82, which consists of: (a) the amounts due under the Payment Bond and the Performance Bond, as well as for consultant fees and expenses, as detailed above, and (b) $38,933.28 in attorney fees and expenses invoiced to Plaintiff for services provided between July 2000 and June 2003; and

4.  Post-judgment interest commencing on the date of this Opinion and Order at the rate provided by 28 U.S.C. §1961, on $983,614.62, which consists of: (a) the amounts due under the Payment Bond and the Performance Bond, as well as for consultant

      fees and expenses, as detailed above, and (b) $76,659.08 for attorney fees and expenses.

Judgment shall be entered accordingly.

    IT IS SO ORDERED.

                s/Lawrence P. Zatkoff
                LAWRENCE P. ZATKOFF
                UNITED STATES DISTRICT JUDGE

Dated:  December 14, 2006

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 14, 2006.

                s/Marie E. Verlinde
                Case Manager
                (810) 984-3290