UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIDELITY AND DEPOSIT COMPANY OF,
MARYLAND, in its own right and as subrogee
And assignee of various obliges and claimants,

        USDC Case No. 04-72643

    Plaintiff,        Hon. Lawrence P. Zatkoff

vs.

A-MAC SALES & BUILDERS COMPANY, a
Michigan corporation, ANDREW G. McLEMORE and
DOROTHY McLEMORE, individually,

    Defendants,
and

A-MAC SALES & BUILDERS COMPANY, a
Michigan corporation,

    Third-Party Plaintiff,
vs.

THE CITY OF DETROIT HOUSING
COMMISSION, a Municipal corporation,

    Third-Party Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on December 21, 2006

PRESENT:   THE HONORABLE LAWRENCE P. ZATKOFF
                  UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

The matter before the Court is whether the only remaining portion of this case, the Third-

Party Complaint filed by A-MAC Sales & Builders Company ("A-MAC") against The City of

1

Detroit Housing Commission ("DHC"), should be tried by a jury or by the Court. At a scheduled Final Pre-Trial Conference attended by both parties, the Court learned that the parties did not agree whehter this case was to be tried by a jury or the Court. Accoridngly, the Court instructed the parties to provide the Court with their respective positions as to whether this matter should be tried by jury or by the Court, and the parties have done so.[1] The Court finds that the facts and legal arguments pertinent to the issue are adequately presented in the parties' papers, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the issue be resolved on the papers submitted, without this Court entertaining oral arguments. For the reasons that follow, the Court concludes that this matter shall be tried by a jury.

## II. ANALYSIS

At the Final Pre-Trial Conference, A-MAC expressed surprise that this matter was scheduled for a bench trial and not a jury trial, as it had filed a jury demand in responding to the First-Party complaint filed by Fidelity and Deposit Company of Maryland ("Fidelity"). Ironically, as DHC notes, the Scheduling Order issued by the Court erroneously stated that this matter was scheduled for a non-jury trial. Nonetheless, the issue of whether the case was to be considered by the Court or a jury was raised for the first time at the Final Pre-Trial Conference, after the close of discovery and the dispositive motion cut-off date.

A-MAC first urges the Court to grant a jury trial because on that basis because A-MAC's

---

[1] A-MAC is hereby ordered to immediately file with the Clerk of the Court its position paper, as the court has noted that it was simply faxed to the chambers of the undersigned.

answer to the First-Party Complaint filed by Fidelity included a jury demand. When A-MAC filed its Third-Party Complaint against DHC approximately four months later, however, A-MAC did not (a) include a jury demand with its Third-Party Complaint, or (b) reference the jury demand it had filed in the First-Party action filed by Fidelity. In fact, at no time has A-MAC filed a jury demand in this Third-Party action against DHC. As such, the Court concludes that the record cannot serve as the sole basis for granting a jury trial in this Third-Party action.

In the alternative, A-MAC suggests that Fed. R. Civ. P. 39(b) allows the filing of a Motion for Jury Trial and that granting such a motion would be appropriate because there is no strong and compelling reason not to do so, particularly as DHC would not be prejudiced. *Citing Thompson v. Fritsch*, 172 F.R.D. 269 (E.D. Mich. 1997) (citations omitted). The Court notes, however, that A-MAC has yet to file a formal Motion for Jury Trial.

DHC maintains that the circumstances and facts in *Thompson* are distinguishable from the instant case because the plaintiff in that case filed a motion prior to the close of discovery. Therefore, the defendants in *Thompson* knew six weeks before the close of discovery that the plaintiff sought a jury trial and that they would probably have to prepare for a jury trial as opposed to a bench trial. The Court agrees with DHC's contention that *Thompson* is distinguishable from this case as there is a difference between finding out that there will be a jury trial six weeks prior to the close of discovery rather than at a Final Pre-Trial Conference.

Although *Thompson* is distinguishable, the key issue for the Court to consider is whether DHC will be prejudiced if this case is tried by a jury rather than the Court. In the instant case, DHC notes that discovery was closed when A-MAC first expressed to the Detroit Housing Commission that it wanted a jury trial on the Third-Party claims. As such, DHC asserts that (1) DHC would have

prepared differently for a jury trial, (2) DHC has been prejudiced by the mere fact that it thought it was preparing for a bench trial, (3) having a jury trial would prejudice DHC because the cost expended for a prolonged jury trial is real (including the cost for extending the stay for out of town witnesses and the cost for additional staff time) and the need to obtain the cooperation from the City of Detroit to acquire the time of one of its employees because she is no longer an employee of DHC, and (4) DHC would have conducted discovery using a different and more costly approach. Therefore, DHC argues that because discovery had closed prior to any mention by A-MAC that it desired a jury trial, the Court should not entertain a request for a jury trial.

The Court is not persuaded, however, that any of the reasons set forth by DHC demonstrate that conducting a jury trial rather than a bench trial would prejudice DHC. First, the Court is unsure why DHC would prepare differently for trial before a jury than before the bench. The Court acknowledges that a more lengthy opening statement and closing argument may be necessary, but the evidence to be introduced will be the same and the witnesses to be examined and cross-examined, *i.e.,* the crux of counsel's efforts for trial, will be the same. Second, it is equally unclear how DHC has been prejudiced by the mere fact that it was preparing for a bench trial. Third, the cost to DHC and the difficulty in obtaining the witness from the City of Detroit will be exactly the same for a bench trial as it would be for a jury trial. Fourth, DHC has not explained, and the Court is unfamiliar with the concept of, how discovery would have been conducted differently for a bench trial than a jury trial. Finally, the Court notes that no trial would begin in this matter for at least five weeks. As such, DHC will have ample time to prepare for a jury trial, if this case goes to trial.

Accordingly, in the interests of justice (most significantly, having a group of fact finders

decide this case rather than a single fact finder), and because (1) A-MAC filed a jury demand in the First-Party action, and (2) the Court is not persuaded that DHC will be prejudiced by having to try this case to a jury, the Court concludes that the Third-Party action shall be tried by a jury.

For the reasons set forth above, the Court also declines to accept DHC's request that the Court issue a new scheduling order to allow DHC additional time to conduct further discovery and/or bring further dispositive motions in this case.

### III.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court ORDERS that the Third-Party action between A-MAC and DHC be tried by a jury.  The Court FURTHER ORDERS that the parties and their counsel appear before the Court on Thursday, January 4, 2007, at 10:30 a.m. for a second Final Pre-Trial Conference.  If necessary, a trial date shall be set at that time.

IT IS SO ORDERED.

                                                  s/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated:  December 21, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 21, 2006.

                                                  s/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290